Filed 6/11/26  P. v. Webster CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>TIMOTHY ROBERT WEBSTER, JR.,<br>        Defendant and Appellant. | C103534<br><br>(Super. Ct. No. 23CF03679) |

Appointed counsel for defendant Timothy Robert Webster, Jr., asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

While patrolling in a marked patrol car, Officer Terry Dunn observed a car without a mounted front license plate in violation of the Vehicle Code.  He turned on the lights of his patrol car to initiate a traffic stop.  Instead of yielding, the driver turned to a different street and accelerated.  Officer Dunn turned on the patrol car's siren and pursued the driver.  The pursued car reached speeds up to 90 miles per hour, ran through a stop sign, and drove on the wrong side of the road.  The pursuit ended when Officer Dunn rammed the car to immobilize it.  Other responding officers searched defendant's car and found over 400 grams (about 16 ounces) of dried marijuana, over 30 grams

1

of suspected hash, over 80 grams of suspected concentrated marijuana, vape pens, and edibles.

In September 2023, the People charged defendant with felony fleeing a peace officer while driving recklessly (Veh. Code, § 2800.2, subd. (a) -- count 1) and misdemeanor unlawful possession of cannabis or concentrated cannabis (Health & Saf. Code, § 11357, subd. (b)(2) -- count 2). Prior to trial, defendant filed a motion to suppress, arguing that law enforcement lacked sufficient cause to conduct a traffic stop on his vehicle. The trial court denied the motion, finding that Officer Dunn had probable cause to stop defendant's car because the front license plate was not properly displayed.

In August 2024 and January 2025, defendant sought to have his attorney replaced pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. In both instances, the trial court held a confidential hearing and denied defendant's request.

At trial, defendant testified that when he realized an officer was driving behind him, he feared for his life because he had just posted a very sensitive document, the unredacted Epstein client list. Defendant added that he had previously experienced police brutality and he was "not fully cognitive" during the chase.

The jury found defendant guilty of fleeing a peace officer while driving recklessly, but it deadlocked on whether defendant unlawfully possessed cannabis or concentrated cannabis. The trial court declared a mistrial on that charge and ultimately dismissed it with a *Harvey* waiver.[1]

Prior to sentencing, the trial court denied defendant's motion for the return of his hemp and hemp oil. During the hearing on the motion, defense counsel informed the trial court that defendant wished to file a motion for a new trial based in part on ineffective

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

assistance.  Believing it created a conflict, defense counsel asked the trial court to appoint new counsel.  The trial court denied the request.

At the start of the April 2025 sentencing hearing, the trial court informed the parties that it intended to deny probation and impose the low term of 16 months in prison.  Defendant indicated he wanted to represent himself pursuant to *Faretta v. California* (1975) 422 U.S. 806.  The trial court denied the request.

Defense counsel then asked the trial court to reduce defendant's conviction for fleeing a peace officer while driving recklessly to a misdemeanor.  (Pen. Code, § 17.)  The trial court denied the request and sentenced defendant to 16 months in prison.

Defendant asserted he was unable to pay fines or assessments because he had lost his job and was unable to work due to an injury.  However, the trial court noted defendant's trial testimony that he was an independent contractor.  The trial court found that defendant had the ability to pay the minimum fines and assessments imposed by the court.  It imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $300 parole revocation fine (Pen. Code, § 1202.45), a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment (Gov. Code, § 70373).  The court awarded 153 days of custody credit.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/S/
MAURO, Acting P. J.

We concur:

/S/
MESIWALA, J.

/S/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4